### DUNN et al. v. REDFIELD.   (No. 1513.)

Court of Civil Appeals of Texas. Beaumont. March 31, 1927.

Judgment ☞335(3)—Petition to vacate judgment held insufficient for want of statement by absent witness, or allegation of defendant's fraud, or prevention of defense.

Petition to review and set aside judgment *held* insufficient, where no statement of absent witness was attached to or made part of petition, nor any allegation made that defendant practiced alleged fraud in procuring judgment or prevented petitioners from making defense to his cross-action.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by J. L. Dunn and another to review, set aside, and enjoin execution under a judgment against them and others in favor of Kelley Redfield. From a judgment dissolving a temporary injunction, plaintiffs appeal. Affirmed.

Wistner & White, of Port Arthur, for appellants.

Dycus & Shivers, of Port Arthur, for appellee.

O'QUINN, J. This is an appeal from a judgment of the county court at law of Jefferson county, Tex., dissolving an injunction.

On July 13, 1923, J. L. Dunn and E. W. Gant, partners in an automobile business, sued Kelley Redfield for possession of an automobile, alleging that they were owners of same and that they had loaned it to Redfield, and that he refused to return same, alleging the value of the automobile to be $400. They alleged that Redfield obtained possession of the automobile by means of false and fraudulent representations to the effect that he wanted to borrow the car for the purpose of making a trip, and that when he made the trip he would return the car, but that he had refused and was still refusing to return it.

Redfield answered denying the allegations of appellants, and by way of cross-action set up that he was the owner of the car, and that appellants had wrongfully sequestrated the automobile, and, after getting possession of same, had sold it and appropriated the proceeds thereof, to his damage $400, and also asked for the value of the use and hire thereof, which he alleged to be $20 per week, amounting to $480, and prayed for judgment for the value of the car and for its use and hire.

The case was tried to the court without the aid of a jury, and judgment was rendered May 22, 1926, for appellee, Redfield, in the sum of $400, and against appellants Dunn and Gant, and against F. D. Mabry and Albert Perkins, their bondsmen on the sequestration bond. There was no appeal from this judgment.

Redfield caused an execution to issue on said judgment and placed same in the hands of R. C. Parsley, constable in and for justice precinct No. 2, Jefferson county, and same was about to be levied upon the property of F. D. Mabry, bondsman aforesaid. Thereupon appellants Dunn and Gant brought suit in said county court at Law, filed October 22, 1926, to review and set aside said judgment, alleging that same had been procured by fraud, and praying for an injunction to restrain appellees from enforcing collection of said judgment by execution until their suit to review and vacate said judgment could be heard and determined. The court granted a temporary injunction. Appellees appeared and answered, and on November 10, 1926, filed a motion to dissolve the injunction, which motion was set down for hearing and was heard on November 20, 1926, and judgment entered dissolving the injunction. This appeal is from the order dissolving said injunction.

We have carefully considered the allegations in appellants' petition for review to set aside and vacate the judgment in the original case as well as the diligence alleged, and do not believe that either is sufficient. No statement of the witness whose absence from the trial is complained of, either sworn to or otherwise, is attached to or in any manner made a part of the petition for review, although appellants allege that they and their lawyers had interviewed the witness

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and attempt to set out what he would have testified had he been present at the trial. Nor is there any allegation that the fraud by which they allege the judgment was procured was practiced by appellee, or that they were in any wise prevented from making their defense on the trial of the cause by any act of appellee.

The allegations in the petition for review were entirely insufficient, and therefore the judgment must be affirmed, and it is so ordered.

Affirmed.